IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jason Hatcher, | ) | C/A No.: 5:21-2914-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Crystal Willet, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Jason Hatcher ("Plaintiff"), proceeding pro se, is an inmate housed in the Meherrin River Regional Jail in Alberta, Virginia. He filed this Complaint against Meherrin River Regional Jail Superintendent Crystal Willet alleging a violation of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge transfer this case to the United States District Court for the Eastern District of Virginia.

I.      Factual Background

Plaintiff states he has been incarcerated since September 3, 2014, and he was extradited from South Carolina to Virginia on June 30, 2021. ECF No. 1. Plaintiff alleges he has an infection that is growing and causing other problems. ECF No. 1-2 at 5–6. Plaintiff claims his present institution has his Department of Corrections records, and this infection "apparently healed and has come back." *Id.* at 6. Plaintiff says he also has a growth on his left foot that is progressing. *Id.* Plaintiff states he has been given Band-Aids, antibiotic ointment, Augmentin, and Naproxen, and his wound continues to bleed and is getting bigger. *Id.* Plaintiff claims he feels sharp pain when he breathes, and he is having trouble sleeping. *Id.*

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

    B.     Discussion

Federal district courts are vested with the inherent power to control and protect the administration of court proceedings. *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th Cir. 1986). Accordingly, the court has the power to consider *sua sponte* whether venue is proper. *See Jensen v. Klayman*, 115 F. App'x 634, 635–36 (4th Cir. 2004) (per curiam). 28 U.S.C. § 1391 governs the venue of civil actions brought in the United States district courts. 28 U.S.C. § 1391(b) provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, the District of South Carolina is the wrong district for venue as Plaintiff's Complaint concerns an alleged violation of his constitutional rights by the staff of a Virginia correctional institution. *See* ECF No. 1.

In the absence of venue, the court has authority *sua sponte* to transfer under either 28 U.S.C. § 1404(a) or § 1406(a), or both. *See Jensen*, 115 F. App'x. at 635–36; *In re Carefirst of Md., Inc.*, 305 F.3d 253, 255–56 (4th Cir. 2002). The statute, 28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a). Because Defendant and the events in the Complaint  are in Alberta, Virginia, the Eastern District of Virginia is the proper forum in which to adjudicate the claims raised in this Complaint. The undersigned recommends Plaintiff's complaint be transferred under 28 U.S.C. § 1406(a). The interests of justice weigh heavily in favor of transferring this action, and transferring the case is in keeping with the goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds. *See Goldlawr v. Heiman*, 369 U.S. 463, 466–67 (1962); *Dubin v. U.S.*, 380 F.2d 813, 815 (5th Cir. 1967).

III.     Recommendation

Accordingly, the undersigned recommends this case be transferred to the United States District Court for the Eastern District of Virginia for further handling including further review pursuant to 28 U.S.C. § 1915.[1]

IT IS SO RECOMMENDED.

October 12, 2021                                    Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[1] Because the court raised the issue of transfer of venue *sua sponte*, pursuant to *Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir.1986), Plaintiff must be given an opportunity to be heard before a final decision on transfer is rendered. *See also Magic Toyota, Inc. v. Southeast Toyota Distribs., Inc.*, 784 F. Supp. 306, 321 (D.S.C.1992); *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 278 (D.S.C. 1999).  **Plaintiff's opportunity to file timely objections to this Report and Recommendation is considered to be the required opportunity to be heard under *Feller* before a final decision on transfer is rendered by the district judge.**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).