IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Jason Hatcher, | ) | Civil Action No. 5:21-2914-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Crystal Willet, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") recommending the Court transfer this action to the United States District Court for the Eastern District of Virginia. For the reasons set forth below, the Court adopts the R & R as the order of the Court and transfers this action to the United States District Court for the Eastern District of Virginia.

I.  **Background**

Plaintiff Jason Hatcher is an inmate at the Meherrin River Regional Jail in Alberta, Virginia. He proceeds *pro se* to claim that Defendant Crystal Willet, the Meherrin River superintendent, violated his constitutional rights by him "[n]ot getting proper medical attention" because he is "[i]n constant pain, anxiety, mental anguish" with an "[o]pen wound constantly bleeding and growing larger" that is "causing breathing problems." (Dkt. No. 1-2 at 4.) Plaintiff alleges that "Crystal Willet is the superintendent of the jail and should keep medical staff, including doctors, doing correct treatment for inmates." (*Id*.) Plaintiff also alleges that he has been incarcerated at Mehherin River since September 2014 and that he has certain physical ailments— and ear infection, a growth on his foot, pain in his heart, a wound on his back, and sleep trouble— for which he receives treatment such as Band-Aids, antibiotic ointment, Augmentin and Naproxen

but that persist or are getting worse. (Dkt. No. 1.) Plaintiff also alleges that he is being "denied medical attention" and seeks "medical costs and give me to a doctor ASAP." (Dkt. No. 1-2 at 6.)

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Magistrate Judge recommends that this action be transferred to the District Court for the Eastern District of Virginia. Plaintiff filed no objection to that recommendation.[1] Section 1391 governs venue and provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

[1] Plaintiff mailed four letters to the Court. (Dkt. Nos. 22, 23, 25.) Two letters relate to the instant R & R, in which Plaintiff states he is "still trying to get a doctor," he believes his medical issues are "cancerous" but they "do not care." (Dkt. Nos. 25, 27.)

> (3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Affording Plaintiff's complaint an appropriately liberal construction, *Estelle v. Gamble*, 429 U.S. 97 (1976), he alleges that the Defendant lives in Virginia and that the events giving rise to his claims occurred in Alberta, Virginia.  Plaintiff does not allege any facts to support venue in the District of South Carolina. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The Magistrate Judge recommends transferring this action to the Eastern District of Virginia so as to allow Plaintiff's claims to be addressed on the merits rather than dismissed on procedural grounds.  Having carefully considered the recommendation and in the absence of any objection to it, the Court adopts the recommendation and transfers this action to the United States District Court for the Eastern District of Virginia.

### IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 19) as the order of the Court and hereby transfers this action to the United States District Court for the Eastern District of Virginia.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 12, 2021
Charleston, South Carolina